UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal No.: 08-110 (TFH) |
| : | |
| v. : | |
| : | |
| **LONNELL GLOVER, et al.** : | |
| : | |
| : | |
| : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS INDICTMENT FOR LACK OF SPEEDY TRIAL**

    The United States of America, by and through its attorney, the United States Attorney for the District of Colombia, hereby opposes defendant Robert Robbin's motion to dismiss indictment for lack of Speedy Trial [#29]. As ground for this opposition, the government relies on the following points and authorities, and any other such point and authorities that may be permitted at a hearing on this motion.

**FACTUAL BACKGROUND**

    1.    In 2005-2007, the Federal Bureau of Investigations ("FBI") conducted a long-term investigation into a large-scale narcotics conspiracy that revealed, among other things, that Lonnell Glover was a major distributor of PCP and heroin in the Washington, D.C. area, and also that he was in the process of expanding his product-line to include cocaine. This investigation included several wiretaps, a court-authorized listening device that was placed in Lonnell Glover's truck, surveillance, and numerous search warrants. Based on this investigation, the grand jury returned three separate (but related) indictments.

2.      First, in criminal case 07-153 (TFH), Lonnell Glover and fifteen other defendants were indicted for conspiracy to distribute and possess with the intent to distribute PCP and Heroin. To date, ten of these defendants, including Lonnell Glover, have been convicted by trial or guilty plea; three defendants are currently in trial; one defendant is pending re-trial; and one defendant has died pending trial.  Second, in criminal case 07-152 (ESH), Anthony Suggs (who was a wholesale customer of Glover) was indicted along with six other co-defendants for conspiracy to distribute and to possess with the intent to distribute PCP.  Six of those defendants, including Anthony Suggs, were convicted by trial or guilty plea; and one defendant was acquitted at trial.  Finally, in criminal case 08-110 (TFH), which is the case in which this Speedy Trail Act motion arises, Lonnell Glover, Robert Robbins, Jonathan Wright, and Cornell Glover were indicted for conspiracy to distribute and possess with the intent to distribute cocaine, which stems from their attempt to purchase several kilograms of cocaine from the Bahamas and to distribute that cocaine in the D.C. area.  Cornell Glover has subsequently pled guilty and is no longer a defendant in this case.

## DISCUSSION

3.      The Speedy Trial Act ("STA"), 18 U.S.C. §§ 3161-3174, generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance. Zedner v. United States, 547 U.S. 489, 1980-81 (2006).  However,§ 3161(h) provides that certain periods of delay should be excluded in calculating that 70-day period.  Id.

4.       With regard to a multi-defendant case, the speedy trial clock does not begin to run until the last defendant makes his initial appearance in court, and "an exclusion applicable to one defendant applies to all defendants." United States v. Van Smith, 530 F.3d 967, 970 (D.C. Cir. 2008) (citing 18 U.S.C. § 3161(h)(7)); see United States v. McCoy, 627 F.2d 460, 461 (D.C. Cir.

1980) ("The exclusion under 18 U.S.C. § 3161(h)(7) is crucial in a case involving multiple defendants because it provides that an exclusion applicable to one defendant applies to all codefendants."). Therefore, although only one defendant filed this motion to dismiss the indictment for violation of the Speedy Trial Act, the analysis of this opposition is applicable to all remaining defendants.

5. In analyzing a defendant's motion to dismiss for violation of the Speedy Trial Act, the Court should examine the procedural history of the case to determine: (1) the date on which the Speedy Trial clock began to run, and (2) which periods of delay are properly excluded from the 70-day STA period. See Zedner, 547 U.S. at 507 ("In ruling on a defendant's motion to dismiss [under § 3161(a)(2)], the court must tally the unexcluded days. This in turn requires identifying the excluded days.").

### A. Start Date for Speedy Trial Clock

6. In this case, the STA clock began to run for all defendants on July 25, 2008. On June 20, 2007, defendant Lonnell Glover was arrested, arraigned, and held pending trial in the PCP and Heroin case, 07-153. On April 17, 2008, the indictment in this Cocaine case, 08-110, was filed under seal (while Lonnell Glover was being held in 07-153). On June 18, 2008, defendant Jonathan Wright was arraigned in this case. On July 25, 2008, Robert Robbins was arraigned in this case. On September 3, 2008, Lonnell Glover and Cornell Glover were arraigned in this case. Although, Lonnell Glover and Cornell Glover were technically the last defendants arraigned in this case, they were already being held by the Court in the related case, 07-153, and could have been arraigned with Robert Robins on July 25, 2008. Because all defendants were properly before the Court as of July

25, 2008, the government considers this the start date of the speedy trial clock.  See 18 U.S.C. § 3161(h)(7).

### B. The Period, July 25, 2008 - February 25, 2009, Should be Excluded

7.     Between July 25, 2008 and February 25, 2009, the Court held several status hearing in this case related to motions for bond review, discovery, and scheduling.  The Court did not set a trial date during this period, and did not explicitly state that the case was continued "in the interest of justice."

8.     The period between July 25, 2008 and February 25, 2009, (approximately 270 days) should be excluded from the speedy trial clock.  Although there are several grounds to exclude piecemeal portions of this time,[1] the entire period can be properly excluded based on a finding that the continuances were "in the interest of justice."  18 U.S.C. § 3161(h)(8)(A).

9.     Pursuant to 18 U.S.C. § 3161(h)(8)(A), the Court may exclude any period of delay from the Speedy Trial Act calculation if it finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" and places its findings on the record.  Although it is the "best practice" for the district court to put its findings on the record at or near the time when it grants the continuance, the court may record its findings as late as in its ruling on the defendant's motion to dismiss on Speedy Trial Act grounds.  Zedner, 547 U.S. at 506

---

[1] Portions of this time-period can be excluded because Lonnell Glover was pending trial, and ultimately went to trial, in the PCP and Heroin case, 07-153.  See §3161(h)(1)(D) ("delay resulting from trial with respect to other charges against the defendant").   In addition, a number of pre-trial motions were filed in this case which also toll the speedy trial clock. § 3161(h)(1)(F).  The pre-trial motions include the motion for bond review by Jonathan Wright [#16]; and the motion to withdraw as counsel by each of the original defense attorneys: Robert Robbin's attorney [#24]; Jonathan Wright's Attorney [#26]; and Lonnell Glover's attorney (oral motion or representation on 11/12/08, 12/1/08, 2/13/09, and 3/13/09).

("at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)"). In this case, there are several compelling reasons that support an "interest of justice" finding pursuant to § 3161(h)(8)(A).

10.     <u>First</u>, this investigation and case are so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the standard time limits. § 3161(h)(8)(B)(ii). As previously discussed, this long-term investigation by the FBI resulted in three separate (but related) indictments. In the first two cases, <u>U.S. v. Anthony Suggs, et al.</u>, 07-152 [#18], and <u>U.S. v. Lonnell Glover, et al.</u>, 07-153 [#38], the government filed motions to exclude time based on the complex nature of the case and the voluminous discovery. On July 27, 2007, Judge Huvelle granted the motions and, in the interest of justice, excluded 180 days from the speedy trial clock in each of the two cases. <u>See</u> 07-152 [#39], 07-153 [#89]. After <u>U.S. v. Lonnell Glover, et al.</u> (PCP and Heroin), 07-153 [#148], was transferred to this Court (Judge Hogan), the government moved to exclude additional time based on the complex nature of the case and the substitutions of defense counsel. On February 1, 2008, the Court granted the motion and, in the interest of justice, excluded an additional 150 days from the speedy trial clock. In sum, based on the complex nature of the case, the court found that it was in the interest of justice to exclude 180 days in 07-152, and 330 days in 07-153.

11.     This case, 08-110, is based on the same underlying long-term investigation as 07-152 and 07-153; and the entire voluminous discovery from 07-152 and 07-153 has been provided to defendants in this case, 08-110. The reasons that supported the Court's "interest of justice" continuance in 07-152 and 07-153 are equally applicable to this case. Attached as Exhibit 1 is the government's motion to suspend the computation of time pursuant to the speedy trial act that was

filed in 07-153. This motion explains in detail the complex nature of the case, the voluminous discovery, and the authorities that support an "interest of justice" factual finding. This motion is incorporated herein by reference. The complex nature of the case is supported by, among other things, the following facts:

- a. The investigation resulted in three separate (but related) indictments.
- b. The three indictments included twenty-five named defendants.
- c. The investigation included 11 court-orders for Title III electronic surveillance, which resulted in 1817 hours of interceptions and approximately 34,227 separate activations (of which at least 2,570 were deemed pertinent). The 1817 hours of interceptions translates to more than 75 full days of recorded interceptions.
- d. The investigation included approximately nineteen search warrants.

12. Although this case, 08-110, directly involves only a portion of the overall FBI long-term investigation, the government has provided complete discovery of all the related-cases to defense counsel because Lonnell Glover was a central figure throughout the entire investigation. Accordingly, the complex nature of the case and the voluminous discovery which were grounds for the "interest of justice" continuance that was granted in 07-152 (180 days), and 07-153 (330 days), should also apply to this case, 08-110 (approximately 270 days).

13. <u>Second</u>, excluding this period of time is in the interest of justice because of the numerous problems with the representation of the defendants. 18 U.S.C. § 3161(h)(8)(B)(ii) (delay caused by obtaining counsel, continuity of counsel, preparation for trial by counsel). The original attorney for Lonnell Glover, Edwardo Balarezo, stated numerous times on the record that we wished to withdraw because defendant Lonnell Glover wanted new counsel. According to the government's

notes, these representations were made on November 12, 2008, December 1, 2008, and February 13, 2009. Similarly, on January 8, 2009, attorney for Robert Robbins, Diane Lepley, moved to withdraw as counsel [#24]. On February 24, 2009, attorney for Jonathan Wright, Joseph Beshouri, moved to withdraw as counsel [#26].  On February 25, 2009, the court granted the motion to withdraw as counsel for all defense attorneys.  Accordingly, it is in the interest of justice to exclude this time period, July 25, 2008 - February 25, 2009, because none of the <u>current</u> defense attorneys were of record during this time period and, therefore, could not have used this time to prepare for trial, file motions, or enter plea negotiations with the government.

14.    <u>Third</u>, the Court was unable to schedule a trial in this case, 08-110, until after the completion of Lonnell Glover's related case, 07-153, because the same government counsel is involved in both cases.  18 U.S.C. §3161(h)(8)(B)(iv) (continuity of counsel).  Because of the large number of defendants in 07-153, the Court split the defendants into two trial groups.  The first group, which ultimately consisted of Lonnell Glover and Jerome Hampton (PCP defendants), were tried in September 2008.  The second group, which now consists of John Smith, Herbert Young, and Joe Brown Jr (Heroin defendants), was originally scheduled for trial on February 17, 2009, but was continued to March 30, 2009, due to the illness of defendant Herbert Young.  Accordingly, government counsel are not available for trial in this case, 08-110, until after the completion of the related case, 07-153.  A continuance is in the "interest of justice" to afford "the defendant or the Government continuity of counsel." 18 U.S.C. §3161(h)(8)(B)(iv).  In addition, Lonnell Glover's attorney in 07-153 (Edwardo Balerezo) was also the appointed counsel for him in 08-110, until his motion to withdraw was granted on February 25, 2008.

15. To exclude this period of time from the speedy trial clock, the Court should state in its ruling on this motion that the continuance from July 25, 2008 - February 25, 2009 was based on the court's finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," and the court should explicitly state its reasons in support. § 3161(h)(8)(A); Zedner, 547 U.S. at 506-07. A proposed order is attached as exhibit 2.

### C. The Period, February 25 to March 13, 2009, is Excluded

16. At the status hearing on February 25, 2009, the Court explicitly stated that the period, February 25 to March 13, 2009, is excluded from the Speedy Trial Act on the grounds that it was in the interest of justice, and the Court orally put its reasons on the record. Accordingly, this period of time was properly excluded from the speedy trial clock, and nothing more needs to be done. § 3161(h)(8)(A).

### D. The Period, March 13, 2009 to the Ruling on this Motion, is Excluded

17. On March 12, 2009, defendant Robert Robbins filed this pre-trial motion. On March 13, 2009, the Court ordered a briefing schedule on this Speedy Trial Act motion, and set the motions hearing for April 30, 2009. Pursuant to 18 U.S.C. § 3161(h)(1)(F), the period of delay from the filing of a pretrial motion to the conclusion of the hearing is excluded from the speedy trial clock.

### E. Conclusion

18. For the foregoing reasons, the government respectfully submits that the Court find that the speedy trial clock for all defendants began to run on July 25, 2008, and that no unexcluded days have lapsed. Accordingly, defendant's motion to dismiss for violation of the Speedy Trial Act should be DENIED.

       Respectfully Submitted,

       JEFFREY A. TAYLOR
       UNITED STATES ATTORNEY
       DC Bar #: 498610

BY:     _____/s/_____
       JOHN K. HAN
       Assistant United States Attorney, NY Bar
       United States Attorney's Office
       555 4th Street, N.W., Fourth Floor
       Washington, D.C. 20530
       (202) 514-6519
       John.Han@usdoj.gov