UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No.:  08-110  (TFH) |
| : | |
| v. : | |
| : | |
| LONNELL GLOVER, : | |
| ROBERT ROBBINS, and : | |
| JONATHAN WRIGHT : | |
| : | |

GOVERNMENT'S SUPPLEMENT TO ITS
OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS INDICTMENT FOR LACK OF SPEEDY TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Colombia, hereby supplements its opposition to defendants Glover, Robbins, and Wright's motion to dismiss for violation of the Speedy Trial Act ("STA"). Specifically, as directed by the Court, the government addresses whether the indictment should be dismissed "with" or "without" prejudice. As ground for this opposition, the government relies on the following points and authorities, and any other such point and authorities that may be permitted at a hearing on this motion.

1.      On April 30, 2009, the Court held a hearing on defendants' motion to dismiss indictment for violation of the Speed Trial Act. The Court stated that the period of July 25, 2008 through February 25, 2009 (approximately 215 days) was the relevant time period in dispute. The Court disagreed with the government's argument that the Court could exclude this entire period of time "in the interest of justice" by recording its findings at this time. The Court concluded that, although smaller discrete portions of that period may be excluded from the Speedy Trial Act clock

1

on different grounds, the Court believed that the 70 day time period would, nonetheless, have lapsed. The Court instructed the parties to address the issue of whether the indictment should be dismissed "with" or "without" prejudice.

    2.      Pursuant to 18 U.S.C. § 3162(a)(2), "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." The Court "must carefully consider those factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review." United States v. Taylor, 487 U.S. 326, 336 (1988).

    3.      <u>Seriousness of the Offense</u>: Lonnell Glover was a major regional distributor of drugs in the D.C. area. He was responsible for importing multiple gallons of PCP and multiple kilograms of heroin on a regular basis. This particular case focuses on Lonnell Glover's attempt to expand his product-line to include a large quantity of cocaine. Between approximately March and June 2007, Lonnell Glover, Robert Robbins (who lived in Alabama), and Jonathan Wright (who lived in South Florida), conspired to purchase a large amount of cocaine from a supplier in the Bahamas. On or about June 2, 2007, defendants hid $175,000 inside of a microwave oven and hired another co-conspirator to transport that microwave oven to the Bahamas. Their plans were foiled when law enforcement officers at the airport seized the $175,000 hidden inside of the microwave oven. Based on the amount of money seized, $175,000, the government believes that they were attempting to purchase at least 10 kilograms of cocaine ($17,500 per kilogram; the number of "keys" could be higher if the supplier intended to "front" them additional "keys" or if the purchase price was actually

lower than $17,500 per kilogram). On June 19, 2007, their plans were permanently dismantled when law enforcement placed Lonnell Glover under arrest based on a warrant for his PCP and Heroin conspiracy. The "seriousness" of the large amount of cocaine at issue in this case, at least 10 kilograms, weighs in favor of a dismissal without prejudice. See U.S. v. Wright, 6 F.3d 811, 814 (D.C. Cir. 1993) (case involving 50 grams or more of crack cocaine and handgun considered "serious" for purpose of Speedy Trial Act). Moreover, based on the evidence of Lonnell Glover's extensive and ongoing PCP and Heroin business, it is reasonable to conclude that Lonnell Glover, Robert Robbins, and Jonathan Wright would have continued to purchase additional large quantities of cocaine which would be distributed in the D.C. area.

    4.      The Facts and Circumstances that Led to the Lapse of the STA clock. There was no intentional misconduct or bad faith on the part of the government that resulted in the lapse of time. Indeed, the Court, the government, and Lonnell Glover had been diligently in trial preparation or in trial with the related cases during the relevant time period and were, therefore, unavailable for trial in this case. As previously discussed, the investigation of Lonnell Glover and his co-conspirators resulted in three separate, but related, indictments. First, U.S. v. Suggs, et al., 07-152, was tried before Judge Huvelle in February 2008, and the re-trial of one of the defendants was held in April 2008. Second, U.S. v. Lonnell Glover, et al., 07-153, was tried in two parts: the PCP trial (which included Lonnell Glover) was tried in October-November 2008, and the Heroin trial was recently tried in April 2009.

    5.      During the relevant period in dispute, July 25, 2008 - February 25, 2009, there were several status hearing in this cocaine case, but no trial date was set largely because of the pending PCP and Heroin case against Lonnell Glover. From July 25, 2008 to November 3, 2008, Lonnell

Glover was pending or in trial in the PCP case, 07-153. (The guilty verdict was returned on November 3, 2008). This period of time is excluded from the STA pursuant to 18 U.S.C. 3161(h)(1)(B) ("delay resulting from trial with respect to other charges against the defendant") and, therefore, this period should not be included in the circumstances that led to the lapse of the STA clock. (After the guilty verdict in the PCP trial, the government decided not to include Lonnell Glover in the subsequent Heroin trial).

6. Between November 3, 2008 and February 25, 2009, defense counsel for each of the defendants made motions to withdraw as counsel. Defense counsel for Lonnell Glover (Eduardo Balerezo) made numerous oral motions to withdraw as counsel. According to the government's notes, these representations were made at the status hearings on November 12, 2008, December 1, 2008, and February 13, 2009. Similarly, defense counsel for Robert Robbins (Diane Lepley) filed a written motion to withdraw as counsel on January 8, 2009. Finally, defense counsel for Robert Robbins (Joseph Beshouri) filed a written motion to withdraw as counsel on February 24, 2009. On February 25, 2009, the Court granted all three defense counsels' motions to withdraw.

7. As a legal matter, the government believes that oral motion to withdraw by Lonnell Glover's attorney on November 12, 2008, tolled the speedy trial clock until the resolution of that motion on February 25, 2009. 18 U.S.C. § 3161(h)(1)(D) ("delay resulting from any pretrial motion"). This results in a lapse of only <u>eight</u> "unexcludable days" (November 4-11, 2008). At the vary latest, the STA clock was tolled when Robert Robbins' attorney filed her written motion to withdraw on January 8, 2009. This results in a lapse of <u>sixty-five</u> "unexcludable days" (November 4, 2008 to January 7, 2009). In either case, the STA 70-day clock has not entirely run. Calculating the STA clock in this manner allows the Court to deny the motion to dismiss and avoids the

retroactivity issue that the Court raised regarding an "interest of justice" continuance pursuant to 18 U.S.C. § 3161(h)(1)(7)(A).[1] The government respectfully requests to the Court to reconsider its initial ruling that the STA clock has run.

8.     As a practical matter, the defense attorneys' motions to withdraw prevented the Court from setting a trial date. Indeed, finding a mutually acceptable trial date in a multi-defendant trial is no easy task. As early as November 12, 2008, Lonnell Glover's attorney (Eduardo Balerezo) moved to withdraw because Lonnell Glover indicated that he would retain Mr. Rowland for both the forfeiture issues AND this cocaine case. These representations were made repeatedly in subsequent proceedings by Mr. Balerezo, Mr. Rowland, and by Lonnell Glover. As of this date, neither Mr. Rowland nor any other attorney has entered an appearance to take-over for Mr. Balerezo. Likewise, the motions to withdraw from the attorneys for Robert Robbins and Jonathan Wright exacerbated the problem. The Court was unable to set a trial date until new counsel has been appointed for each of the defendants. The delay caused by the changing representation of the defendants can not be attributed to the government or the Court.

9.     In addition, between July 2008 and April 2009, the government was in trial preparation or in trial in the PCP and heroin trials of <u>U.S. v. Lonnell Glover, et al.</u>, 07-153. Government counsel was unavailable to try the cocaine case until after the completion of these trials. The continuity of government counsel (or defense counsel) is a statutory factor in an "interest of justice" continuance. 18 U.S.C. § 3161(7)(B)(iv). At the very least, the fact that the government was occupied in the PCP and Heroin trials rebuts any suggestion that the government was somehow

---

[1] In the 2009 version of the statute, the "interest of justice" continuance provision was renumbered from 18 U.S.C. § 3161(h)(8)(A) to 18 U.S.C. § 3161(h)(7)(A) .

"lackadaisical," or acted in bad faith, in bringing this cocaine case to trial. See United States v. Taylor, 487 U.S. at 339.

10.  Finally, certain defense counsel indicated to the Court that they were unavailable for trial in this cocaine case until, at the earliest, the Summer of 2009. According to the government's notes, at the status hearing on September 18, 2008, counsel for Lonnell Glover (Eduardo Balerezo) stated that he would not be prepared for trial until the Summer of 2009. Similarly, counsel for Jonathan Wright (Joseph Beshouri) indicated that he was unavailable until after his two-month trial starting in May 2009, and a two week trial thereafter. Accordingly, the defense counsel represented that they were unavailable for trial until mid to late 2009.

11.  Consistent with these previously discussed trial dates, during the relevant period in dispute, July 25, 2008 to February 25, 2009, no defendant ever requested a trial date or objected to the continuances during this time. Had a defendant raised such an objection, the Court would certainly have considered the factors for an "interest of justice" continuance and would have stated its findings on the record, (and this current motion to dismiss would be moot). Indeed, considering that the government and this Court where both occupied with the PCP and Heroin trials of the related case, U.S. v. Lonnell Glover, et al., 07-153, this cocaine case could not have been set for trial during this time period. The decision of the defendants not to request a trial date and not to object to the continuances during this time weighs in favor of a dismissal without prejudice.

12.  Impact of Re-Prosecution: The third factor, whether re-prosecution would have an adverse impact on the STA or the administration of justice must be viewed in light of the first two factors, (1) the seriousness of the offense and (2) the circumstances for the delay. U.S. v. Wright, 6 F.3d at 815-16. Here, as discussed above, the offense (conspiracy to distribute at least $175,000

in cocaine) is "serious" and the circumstances that led to the delay cannot be attributed to any neglect or bad faith on the part of the government. Accordingly, the deterrence value of a dismissal <u>with</u> prejudice – <u>i.e.</u>, "teaching the government a lesson" – is inapplicable in this case.

13.     In addition, as in <u>Wright</u>, the defense cannot show that they were prejudiced by the delay. It is important to note that the "delay" at issue is only the period of non-excludable days between July 25, 2008 and February 25, 2009. It is not the entire period from indictment to present. Defendants cannot give concrete examples of how their defense was hampered by this short delay. Indeed, a substantial portion of the government's case is in the form of recorded telephone conversations of the defendant. This evidence is unaffected by any delay. Defendants will be given credit for time-served in pretrial detention against their ultimate prison term (if any). <u>U.S. v. Wright</u>, 6 F.3d at 815-16. In sum, there would be no adverse impact on the administration of justice by a re-prosecution of this case.

14.     For the foregoing reasons, the government respectfully submits that the Court find that the speedy trial clock has not run. In the alternative, the government requests that the dismissal be <u>without</u> prejudice.

                                  Respectfully Submitted,

                                  JEFFREY A. TAYLOR
                                UNITED STATES ATTORNEY
                                DC Bar #: 498610

BY:     _____/s/_____
                                JOHN K. HAN
                                Assistant United States Attorney, NY Bar
                                United States Attorney's Office
                                555 4th Street, N.W., Fourth Floor
                                Washington, D.C.  20530
                                (202) 514-6519
                                John.Han@usdoj.gov