# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 09-3046**                                        **September Term, 2009**

UNITED STATES OF AMERICA,            FILED ON: MAY 4, 2010
        APPELLEE

v.

LONNELL GLOVER,
        APPELLANT

---

Consolidated with Nos. 09-3047, 09-3048

---

Appeals from the United States District Court
for the District of Columbia
(No. 1:08-cr-00110-TFH-1)

---

Before: SENTELLE, *Chief Judge*, ROGERS and GARLAND, *Circuit Judges*.

## JUDGMENT

This appeal was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C. CIR. RULE 36(d). It is

**ORDERED** that the appeal be dismissed as moot.

Appellants were indicted on April 17, 2008, for conspiracy to distribute drugs in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. On May 8, 2009, the district court dismissed the indictment without prejudice for violation of the Speedy Trial Act, 18 U.S.C. § 3161-3174. In these consolidated appeals, appellants contend the district court abused its discretion by not dismissing the indictment with prejudice. Recognizing this court has not decided whether such an order is immediately appealable, they contend the dismissal order is a final order under 28 U.S.C. § 1291, or alternatively, is a collateral order under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). The government takes issue with both propositions, maintaining that a final order in a criminal case occurs only after sentencing, citing *Parr v. United States*, 351 U.S. 513, 318

**No. 09-3046**     2     **September Term, 2009**

(1956), and that the third requirement of *Cohen* is not met because the Speedy Trial Act does not encompass a right not to be tried.

Appellants contend, however, that this court has jurisdiction because "[t]he issues pertinent to appellate disposition of this Speedy Trial Act claim have been sufficiently developed below, and judicial economy strongly favors resolution of this limited appeal issue now." Appellants' Br. 8. They maintain that they, as well as jurors and judicial personnel, should not be forced to endure a trial that may be unnecessary, and already be destined for reversal. They suggest that the legal analysis by the other circuit courts of appeal does not provide an adequate response to their challenge that the Speedy Trial Act recognizes the right not to be tried again, and absent immediate review, that right cannot be vindicated in a later appeal. In appellants' view, this court should not adopt a rule that would mean that meaningful remedies for Speedy Trial Act violations are unavailable to those ultimately acquitted, or to those so worn down by the costs or stress of litigation that they ultimately decided to plead guilty.

While this appeal was pending, appellants were reindicted and, on February 2, 2010, co-defendants Lonnell Glover and Jonathan Wright were found guilty of conspiracy in violation of 21 U.S.C. § 846; a third co-defendant, Robert Robbins, entered a conditional plea to conspiracy, preserving the right to appeal the Speedy Trial Act dismissal. *See* Oral Argument Tape of Apr. 16, 2010 at 11.57-12:45 (statement of counsel for appellee United States). Glover and Wright are scheduled to be sentenced on May 26, 2010. Because the circumstance underlying the merits of their appeal — the burden of trial — have been overtaken by events, the court dismisses the appeal as moot. *See, e.g., United States v. Weston*, 194 F.3d 145, 147-48 (D.C. Cir. 1999) (citing *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992)).

The court has no occasion to address appellants' contention that once they were subjected to a second trial the district court's abuse of discretion in dismissing the indictments without prejudice would be "effectively unreviewable on appeal." *United States v. Cisneros*, 169 F.3d 763, 767 (D.C. Cir. 1999) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). Appellants rooted their statutory challenge on the burden imposed by a trial upon reindictment. That burden has been fully realized.

Further, this case does not present circumstances capable of repetition yet evading review *See, e.g., McBryde v. Committee to Rev. Cir. Council Conduct*, 264 F.3d 52, 55- 56 (D.C. Cir. 2001); *cf. Gerstein v. Pugh*, 420 U.S. 103, 111 n.11 (1975). Had appellants filed a motion to expedite the appeal, the court likely could had heard the appeal before completion of appellants' trial upon reindictment. Appellants will still have an opportunity to be heard on the merits of their Speedy Trial Act contention after their sentencing.

**No. 09-3046**  3  **September Term, 2009**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. RULE 41.

*Per Curiam*

                                    **FOR THE COURT:**
                                    Mark J. Langer, Clerk

              BY:            /s/
                                    MaryAnne Lister
                                    Deputy Clerk